The judgment of the court was pronounced by
Rost, J.
The counsel for the plaintiff and appellee in this case has moved for the dismissal of the appeal, on the ground that the plaintiff is a married woman, not divorced nor separated in bed and board from her husband; that her husband has not been cited to assist her in the appeal, nor made a party thereto, and that she is not authorized to stand in judgment.
On an examination of the record, we find that the plaintiff has sued in her own name, without alleging that she was authorized by her husband or by the judge, and without showing any authorization; that notwithstanding her absolute incapacity, she has obtained a judgment; and that in order to defeat the appeal of her adversaries, her counsel now sets up his own omission and neglect in the management of the cause. We do not think the plaintiff entitled to a dismissal of the appeal. We are of opinion, that the want of authority to bring the suit vitiates the whole proceeding, and that, without inquiring into the merits, the case should be remanded for the purpose of enabling the parties to remove the disability of the plaintiff. This was the course pursued by our predecessors in the analogous case of Keys v. Nettles, 12 L. R. 382; and we believe it the most consonant with justice. Kent v. Monget, 4 R. R. 174.
It is ordered, that the judgment in this case be reversed, and the cause remanded for further proceedings, with directions to the district judge to dismiss the plaintiff’s petition, unless she causes herself to be authorized to stand in judgment. It is further ordered, that the costs of this appeal be paid by the plaintiff and appellee.